RAMÓN GONZÁLEZ BETANCOURT, Plaintiff and Appellee, *v.*
PEDRO FERNÁNDEZ REYES, Defendant and Appellant.

No. 6603.   Argued March 21, 1935.—Decided November 8, 1935.

*Luis Mercader* for appellant.   *Antonio Lens Cuena* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In 1921, the heirs of José Fernández and his wife distributed among themselves 174 *cuerdas* of land. Pedro Fernández, defendant herein, and his sister, Emilia Fernández, each received 18.01 *cuerdas*. Pedro Fernández subsequently acquired from his co-heirs two other parcels of 18.01 *cuerdas* each, making a total of 54.03 *cuerdas*. The 18.01 *cuerdas* belonging to Emilia lay to the north of these 54.03 *cuerdas*. In 1924, Emilia Fernández and her husband, Carlos Domínguez, segregated and sold to the Plazuela Sugar Company 528.74 square meters. The Plazuela Sugar Company purchased this strip for the purpose of relocating thereon part of a railroad already in operation over a different route. The Plazuela Sugar Company, after recording its deed, made some excavations and partially graded the proposed new road-bed. Later, this project was abandoned and the vendors resumed possession of the strip. In 1926,

Pedro Fernández, with the consent of Emilia Fernández and her husband, Carlos Domínguez, made some repairs at his own expense along this route and thereafter used it as a road leading from his property to an intersection with a municipal road running east and west along the coast to the north of the 174 *cuerdas*. In 1928, Emilia Fernández and her husband conveyed the 18.01 *cuerdas* to Ramón González, plaintiff herein. González was unable to record his title to the 528.74 meters previously recorded in the name of the Plazuela Sugar Company. In 1931, the Plazuela Sugar Company conveyed the 528.74 meters to González, who then recorded his title thereto in the registry of property. Later, González brought the present action to establish the nonexistence of a servitude or right of way over the strip of 528.74 meters. The claim of Pedro Fernández was that, prior to the distribution of the 174 *cuerdas,* the heirs of José Fernández and Dominga Reyes had established a lane or way for their common use in the transportation of cane over the same route to a railroad switch located, since 1910, on what is now the 54.03 *cuerdas;* and that the road now in controversy is the same road so established, used by pedestrians and ox carts, and repaired by Pedro Fernández in 1926. In disposing of this contention the district judge said:

"What the said witnesses have repeatedly called a road was nothing more than one of those lanes which cane growers necessarily have to leave unplanted in the cane fields as a means of access to and transportation of the crop. These lanes are not always at the same place and therefore do not become real roads."

The first ground of appeal is that the district court erred in holding that the defendant, Pedro Fernández, had no right of way over the road in question as provided by section 477 of the Civil Code (1930 ed.). That section reads as follows:

"The existence of any apparent sign of servitude between two tenements established by the owner of both of them, shall be considered, if one of them be alienated, as a title, in order that the ser-

30

vitudes may continue actively and passively, unless, at the time of the division of the ownership of both tenements, the contrary be expressed in the deed of conveyance of either of them, or if the said sign is removed before the execution of such instrument.''

A shifting cane-field lane, a narrow strip of land left unplanted sometimes at one place and sometimes at another, as a necessary means of harvesting the crop, is not the apparent sign of a servitude or of a permanent right of way referred to in section 477. The sign itself must be permanent, not variable nor accidental. See 4 Manresa 626, and 10 Scaevola 164. See also, 86 Am. Dec. 577, and 19 C. J. 916, section 916.

The second assignment is that the district court erred in holding that in 1926, when Emilia Fernández and her husband, Carlos Domínguez, contracted with Pedro Fernández for the repair of the road at his own expense, thus ''ratifying the servitude,'' the said Emilia Fernández and Carlos Domínguez were not the absolute owners of the strip in question and that the Plazuela Sugar Company was the owner thereof. The Plazuela Sugar Company was unquestionably the owner of the legal title in 1926. It may be conceded that Emilia Fernández and her husband might have obtained from the Plazuela Sugar Company a reconveyance of the land for a nominal consideration as did Ramón González in 1931. This they did not do. In the meanwhile, the civil and constructive possession, as well as the exclusive right of possession remained in the Plazuela Sugar Company. Emilia Fernández and Carlos Domínguez, although in actual possession, were neither the owners of the land nor had they the exclusive right of possession. Technically they were mere tenants at will of the Plazuela Sugar Company. Hence, they were powerless either to grant a right of way or to ratify any previous implied grant; and their agreement with Pedro Fernández, whereby he was permitted to repair the abandoned railroad right of way, created no estoppel against González, vendee of the Plazuela Sugar Company.

9 R.C.L. 747, section 16; 10 R.C.L. 675, section 3; *Id.*, 782, section 97.

The third contention of appellant is that the district court erred in weighing the evidence and in deducing therefrom conclusions contrary to law. Aside from the very general character of this assignment we find no such manifest error in the weighing of the evidence nor in the conclusions drawn therefrom by the district judge as to justify a reversal.

The judgment appealed from must be affirmed.

Mr. Justice Wolf concurs in the result.

Mr. Justice Aldrey took no part in the decision of this case.